UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
*************************

METROPOLITAN LIFE INSURANCE

    Plaintiff,

v.

NANCY ELDRIDGE, JOHN E. WOOD, III
and JOHNSON-FEURSTEIN FUNERAL HOME,

    Defendants.

Case No. 1:20-cv-00407-JTN-PJG

Hon. Janet T. Neff

| | |
|---|---|
| Davis M. Davis (P24006)<br>John M. Boyda (P39268)<br>HARDY, LEWIS & PAGE, P.C.<br>Attorneys for Plaintiff<br>401 S. Old Woodward Ave., Suite 450<br>Birmingham, MI 48009<br>(248) 645-0800<br>dmd@hardylewis.com | W. Todd Van Eck (P54745)<br>Haley E. Clough (P81626)<br>KOTZ SANGSTER WYSOCKI<br>Attorney for Defendant Nancy Eldridge<br>6739 Courtland Drive NE, Suite 102<br>Rockford, Michigan 49341<br>(616) 866-6064<br>tvaneck@kotzsangster.com<br>hclough@kotzsangster.com |
| John W. Raven (P26896)<br>Attorney for John E. Wood, III<br>315 S. Clay Street<br>P.O. Box 303<br>Greenville, Michigan 48838<br>616.754.9151<br>john@ravenlaw.us | |

## DEFENDANT NANCY ELDRIDGE'S
## ANSWER TO
## PLAINTIFF'S COMPLAINT IN INTERPLEADER

NOW COMES the defendant, Nancy Eldridge (hereinafter "Defendant Eldridge"), by and through her attorneys, to file this answer to Plaintiff's Complaint in Interpleader (hereinafter "Plaintiff's Complaint"). Defendant Eldridge answers Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

This action arises regarding conflicting claims for life insurance benefits in the amount of TWENTY TWO THOUSAND NINE HUNDRED SEVENTY EIIGHT AND 00/100 DOLLARS ($22,978.00) (the "Plan Benefits") between potential beneficiaries payable under the General Motors Life and Disability Benefits Program for Hourly Employees (the "Plan") by reason of the death of the Plan participant Johnathan W. Sower (the "Decedent"). MetLife seeks to deposit the life insurance benefits of the Decedent into the Registry of the Court and allow the Court to decide how they should be disbursed because MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and General Motors to double liability.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

## PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Michigan.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

2. Upon information and belief, Defendant Nancy Eldridge was the sister of Johnathan W. Sower (the "Decedent"), and is a resident of Belding, Michigan.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

3.  Upon information and belief, Defendant John E. Wood, III is a creditor of the Decedent and is a resident of Sheridan, Michigan.

DEFENDANT NANCY ELDRIDGE'S ANSWER:   Admit.

4.  Upon information and belief, Defendant Johnson-Feurstein Funeral Home is located in Belding, Michigan.

DEFENDANT NANCY ELDRIDGE'S ANSWER:   Admit.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this action pursuant to 29 U.S.C § 1132(e)(1), 28 U.S.C. §1332 and 28 U.S.C. §1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

DEFENDANT NANCY ELDRIDGE'S ANSWER:   Admit.

6.  Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

DEFENDANT NANCY ELDRIDGE'S ANSWER:   Admit.

## CAUSE OF ACTION IN INTERPLEADER

7.  The Decedent was a retiree of General Motors Corporation n/k/a General Motors Company ("General Motors") and a participant in the General Motors Life and Disability Benefits Program for Hourly Employees (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Motors, and funded by a group life insurance policy issued by MetLife.

DEFENDANT NANCY ELDRIDGE'S ANSWER:   Admit.

8. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

9. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

10. The Certificate of Insurance for the Plan establishes, at page 33, the right of a Plan participant to name his or her beneficiary, and states that benefits will be paid to the beneficiary pursuant to the beneficiary designation on file with the Plan. Specifically, the Plan states, in relevant part:

> A. Your Beneficiary
>
> The "Beneficiary" is the person or persons YOU choose to receive any benefit payable because of YOUR death.
>
> YOU make YOUR choice in writing on a form approved by us. This form must be filed with the records for THIS PLAN.
>
> YOU may change the Beneficiary at any time by filing a new form with us. YOU do not need the consent of the Beneficiary to make a change. When we receive a form changing the Beneficiary, the change will take effect as of the date YOU signed it. The change of Beneficiary will take effect even if YOU are not alive when it is received, provided such change of beneficiary is received prior to the payment of benefits. Any beneficiary designation made for Basic Life Benefits will also apply to Accidental Death or Dismemberment Benefits.

A true and correct copy of page 33 of the Certificate of Insurance is attached hereto as Exhibit "A".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

11. The Summary Plan Description establishes, at pages 39-40, the right of the Plan participant to name his or her beneficiary and further states, "Unless prohibited by divorce decree, you may name anyone you wish as your beneficiary (or beneficiaries) at any time by accessing the Life Insurance link at www.gmbenefits.com. A true and correct copy of pages 39-40 of the Summary Plan Description is attached hereto as Exhibit "B".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

12. The Decedent died on January 30, 2020. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit "C".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

13. At the time of his death, the Decedent was enrolled under the Plan for Basic Life Insurance coverage in the amount of TWENTY TWO THOUSAND NINE HUNDRED SEVENTY EIIGHT AND 00/100 DOLLARS ($22,978.00) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

14. The most recent beneficiary designation on file with the Plan is dated January 14, 2020, and names Nancy Eldridge to receive one hundred percent (100%) of the benefits under the Plan as the sole primary beneficiary. A true and correct copy of a Beneficiary History Details recording the January 14, 2020, beneficiary change is attached hereto as Exhibit "D".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

15. The next most recent beneficiary designation on file is dated April 18, 2013, and names John E. Wood III to receive one hundred percent (100%) of the benefits under the Plan as the sole

primary beneficiary. A true and correct copy of April 18, 2013, beneficiary change form is attached hereto as Exhibit "E".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

16. MetLife received a Funeral Home Assignment from Johnson-Feurstein Funeral Home for the Decedent's funeral expenses. Nancy Eldridge executed an Assignment with Johnson-Feurstein Funeral Home on or about February 17, 2020, in the amount of $5,362.40 for the Decedent's funeral expenses. A true and correct copy of the Funeral Assignment is attached hereto as Exhibit "F".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

17. On or about February 17, 2020, Nancy Ross submitted a claim form for the Plan Benefits. A true and correct copy of Nancy Eldridge's Life Insurance claim form is attached hereto as Exhibit "G".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

18. Attorney John W. Raven notified MetLife via a letter dated February 21, 2020, that on behalf of his client, John W. Wood III, he was submitting to Metlife a Group Life Insurance Beneficiary Designation dated 04/18/2013 (naming John W. Wood as the sole beneficiary of the Decedent's life insurance benefits); an Order from the State of Michigan, Ionia County Circuit Court dated 03/28/2013; and the Decedent's Death Certificate. The March 28, 2013, Order entered by the Ionia County Circuit Court states, in relevant part:

> "IT IS FURTHER ORDERED AND ADJUDGED that the Defendant herein shall immediately list John E. Wood, III as sole beneficiary of any and all life insurance policies maintained by the Defendant, including but not limited to, any life insurance policy issued by or associated with the Defendant's GM pension".

Based on the foregoing, John E. Wood, III claimed that he was the sole beneficiary of the Decedent's life insurance benefits and was entitled to receive such benefits in their entirety. MetLife also received a copy of a Default Judgment entered against the Decedent and in favor of John E. Wood on September 8, 2009. A true and correct copy of the February 21, 2020, letter from John W. Raven, Esq., with accompanying documents are attached hereto as Exhibit "H".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

19. MetLife cannot determine whether this Court would find that the January 14, 2020, beneficiary designation naming Nancy Eldridge as the sole primary beneficiary of the Plan Benefits is valid. If this Court determines that the January 14, 2020, beneficiary designation is valid, the Plan Benefits would be payable solely to Nancy Eldridge.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

20. If this Court determines that the January 14, 2020, beneficiary designation is not valid because the Order entered by the Ionia County Circuit Court on March 28, 2013, is controlling and, therefore, the April 18, 2013, beneficiary is valid, then the Plan Benefits would be payable solely to John E. Wood, III pursuant to the April 18, 2013, beneficiary designation.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

21. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and General Motors to multiple liabilities.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

22. By letter dated March 12, 2020, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to the danger of double liability. MetLife gave the Defendants

an opportunity to try and resolve this dispute in order to preserve the Plan Benefits from litigation costs and fees. A true and correct copy of the March 12, 2020, letter is attached hereto as Exhibit "I".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

23. By means of a letter dated April 8, 2020, John W. Raven, Esq. notified MetLife the Defendants did not agree to a resolution of their conflicting claims to the Plan Benefits and requested that MetLife commence an action to determine the distribution of the Decedent's life insurance proceeds. Accordingly, MetLife filed the instant action in order to avoid the risk of multiple liabilities and to resolve this matter. A true and correct copy of the April 8, 2020, letter to MetLife from John W. Raven, Esq., is attached hereto as Exhibit "J".

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

24. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

25. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

26. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

DEFENDANT NANCY ELDRIDGE'S ANSWER: Admit.

WHEREFORE, Defendant Eldridge requests that this Honorable Court enter the following order and judgment:

A.     Entering judgment to distribute the life insurance proceeds to Defendant Eldridge.

B.     Awarding such other relief to any party as the Court deems legal and equitable.

Dated: June 26, 2020

*/s/ W. Todd Van Eck*
W. Todd Van Eck (P54745)
Kotz Sangster Wysocki, P.C.
Attorney for Defendant Nancy Eldridge
6739 Courtland Drive NE, Suite 102
Rockford, Michigan 49341
(616) 866-6064
tvaneck@kotzsangster.com